Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISON

| | |
|---|---|
| PAUL SAPAN,<br><br>         Plaintiff,<br>   vs.<br><br>LAW OFFICE OF ROBERT JACOVETTI, P.C., a New York Professional Corporation, ROBERT C. JACOVETTI, an individual,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

- 1 -
Complaint

- 2 -

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, but has recently moved to the County of Orange, State of California.

2. Defendant LAW OFFICE OF ROBERT JACOVETTI, P.C. ("Law Office Of Robert Jacovetti") is, and at all times herein mentioned was, a corporation, doing business in the County of Los Angeles, State of California.

3. Defendant ROBERT C. JACOVETTI is, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California.

4. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, --U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the

scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

6. Defendants made three (3) prerecorded calls to PAUL SAPAN's home phone number (310-444-1999) wherein they tried to pitch their student loan debt consolidation services on the following dates and times and using the following Caller ID ("CID") number:

- December 4, 2014 at 8:14am, CID 315-285-9908
- January 28, 2015 at 1:01pm, CID 929-249-2850
- February 6, 2015 at 8:14am, CID 315-285-9908

7. Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from December 23, 2007 to the present.

8. While each of the calls complained of above used Caller ID numbers, none of them transmitted any Caller ID name information as required by law. 47 C.F.R. § 64.1601(e).

9. On December 4, 2014 at 8:14am, Defendants called Mr. Sapan's home telephone transmitting a CID of 315-285-9908.

10. Mr. Sapan answered and prerecorded message began which lyingly claimed, "This is a public service announcement…" trying to sound like it was a federal Public Service Announcement disseminated by the Ad Council, but in reality the message went on to try to sell Defendants' unsecured loan consultancy services and asked the call recipient to "press 1" if they had loan debt.

11. Trying to figure out who was in fact calling him, Mr. Sapan pressed 1, however the call simply made some clicking noises and then the whole call was dropped.

12. On January 28, 2015 at 1:01pm, Defendants called Mr. Sapan's home telephone transmitting a CID of 929-249-2850.

13. Mr. Sapan answered and prerecorded message began which again lyingly claimed, "This is a public service announcement…" before it went on to try to sell Defendants' unsecured loan consultancy services and asked the call recipient to "press 1" if they had loan debt.

14. Trying to figure out who was in fact calling him, Mr. Sapan pressed 1, however, again, the call simply made some clicking noises and then the whole call was dropped.

15. On February 6, 2015 at 8:14am, Defendants called Mr. Sapan's home telephone transmitting a CID of 315-285-9908.

16. Mr. Sapan answered and prerecorded message began which again

Complaint

lyingly claimed, "This is a public service announcement…" before it went on to try to sell Defendants' unsecured loan consultancy services and asked the call recipient to "press 1" if they had loan debt.

17. Trying to figure out who was in fact calling him, Mr. Sapan pressed 1.

18. This time, after pressing 1, the call put Mr. Sapan into a prerecorded voicemail system where the introductory message asked him to leave a message with his name and number so somebody could get back to him.

19. Tiring of the annoyance and cost of these calls, Mr. Sapan left the name and number solely to figure out who was making these illegal prerecorded calls.

20. Two hours later, on February 6, 2015 at 10:14am, <u>in a non-actionable call</u> Defendants called Mr. Sapan's home telephone transmitting a CID of 516-596-8332 this time using a live representative who claimed he was "Jason" of "Consumer Protection Program".

21. Jason began asking about Mr. Sapan's debts.

22. Mr. Sapan, familiar with these sorts of junk calls, knows that junk telemarketing representatives often lie about the company name to avoid detection or use a false generic-sounding company name.

23. Trying to figure out who was in fact calling him, Mr. Sapan answered affirmatively that he had debts and played along.

- 5 -
Complaint

24. Mr. Sapan asked "Jason" about the organization making the call and Jason answered that they were a "consumer protection attorney's office".

25. Mr. Sapan asked who the consumer protection attorney was, and without hesitation "Jason" answered that it was Robert Jacovetti.

26. Having the information he sought, Mr. Sapan instructed "Jason" not to call him anymore and hung up.

27. This last callback call is not actionable and is not listed in the bullet points above or causes of action below because Mr. Sapan consented to the callback since he could not find out who was making the calls any other way.

28. The first three actionable calls were not consented to in any way, shape or form and the CID numbers used in them were not traceable to Defendants or any other actual person or entity.

<u>Liability of Law Office of Robert Jacovetti, P.C.</u>

29. Within a week of receiving the calls, Mr. Sapan performed a Google search for Robert Jacovetti and the first result was a Better Business Bureau review for Defendant Law Office Of Robert Jacovetti.

30. The second result in the Google search was Mr. Jacovetti's firm's website, which is styled "http://www.newyorkdebtlawyer.com", explicitly

advertises the firm's consumer debt consultancy services and states near the top that it does "Consumer Protection Law" just like "Jason" said during the last call.

31. In fact, every other result on the first and second pages of the Google search was an advertisement for the Law Office Of Robert Jacovetti..

32. Each of the first three calls played the exact same prerecorded advertising message and tried to sell debt consultancy services to Mr. Sapan while not disclosing the name of the seller, the Law Office Of Robert Jacovetti.

33. None of the calls complained of were introduced by a live natural person as required by the California Consumer Legal Remedies Act.

34. And none of the recordings complained of identify who was calling to offer these student loan debt consultancy services in the initial recording itself as required by both federal and California law.

35. The only way to determine who was responsible for these three junk calls was to invite the callback wherein a live representative would finally give the Defendants' names.

### Personal Liability of Robert C. Jacovetti

36. The law firm's website, "http://www.newyorkdebtlawyer.com", prominently displays pictures of Robert C. Jacovetti on nearly every page, and

gives his curriculum vitae in the "About" section and mentions no other lawyers associated with the firm.

37. Mr. Sapan searched the New York Department of State, Division of Corporations online entity information portal for the "Law Office of Robert Jacovetti" and it promptly displayed the corporate information for that firm showing that Robert C. Jacovetti is listed as the only officer of the company.

38. Plaintiff alleges on information and belief that Defendant Robert C. Jacovetti is, and at all times herein mentioned was, the owner of Defendant the Law Office Of Robert Jacovetti.

39. Mr. Sapan searched public records such as federal employer Identification Number registries and can find no record that the Law Office of Robert Jacovetti ever employed anyone in any managerial capacity, nor any evidence that anyone other than Robert C. Jacovetti ever worked for Law Office of Robert Jacovetti in any managerial capacity.

40. Plaintiff alleges on information and belief that Robert C. Jacovetti was the sole officer and manager of the Law Office Of Robert Jacovetti, and the sole person with authority to order telemarketing calls to be made.

41. Plaintiff alleges on information and belief that Defendant ] made the violative calls, ordered them made, knew the calls described above were being

made and did nothing, or was willfully and recklessly ignorant of the fact his company was making the calls described above.

### Actual Harm & Willful and Knowing Conduct

42. Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

43. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 1% of his monthly phone bills in December of 2014 and January and February of 2012 since Defendants calls constituted 1% or more of the total calls to his phone during their their junk calling campaign.

44. Plaintiff alleges on information and belief that Defendants made the calls described above intentionally, in the sense that the number called was the one they meant to call in pitching their services.

45. Plaintiff alleges on information and belief that Defendants made the

Complaint

calls described above knowing that they were made in contravention of the TCPA and other telemarketing laws and regulations.

**FIRST CAUSE OF ACTION**
[TCPA Violation – Prerecorded Telesolicitation – For All 3 Calls]

46. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

47. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

48. Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

49. Defendants have called Plaintiff's residential telephone line, using an artificial or prerecorded voice to deliver a message, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it

is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line. These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

50. Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b)(1) (B). Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

### SECOND CAUSE OF ACTION
[TCPA Violation – Do Not Call List – For All 3 Calls]

51. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

52. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

53. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her

telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

54. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

55. Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line. These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff. 37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

56. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## THIRD CAUSE OF ACTION
[Violation(s) of California Civil Code § 1770 (a) (22) (A) –
For All 3 Prerecorded Telesolicitation Calls]

57. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

58. California Civil Code § 1770 (a) (22) (A) requires that all recorded messages disseminated within the state be introduced by a live, natural voice giving the name of the entity calling, the name of the entity being represented, an address or phone number for that entity, and asking permission to play the recording. Defendant's illegal prerecorded telemarketing calls to Plaintiff failed to comply with this requirement.

59. As a proximate result of defendants' violation of Civil Code section 1770, plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be proven at trial.

60. Civil Code section 1780 (a) (2) provides for an injunction against future conduct in violation of Civil Code section 1770.

61. Civil Code section 1780 (a) (4) provides for an award of punitive damages for violations of Civil Code section 1770.

62. Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs harmed by California Civil Code §1770 (a) (22) (A) violations.

## FOURTH CAUSE OF ACTION
[Trespass to Chattel – For All 3 Calls]

63. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

64. The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

65. At no time did Plaintiff consent to this trespass.

66. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 1% of his monthly phone bills in December of 2014 and January and February of 2012 since Defendants calls constituted 1% or more of the total calls to his phone during their their junk calling campaign.

67. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## FIFTH CAUSE OF ACTION
[Engaging in Unfair Business Practices – For All 3 Calls]

68. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

69. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

70. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 1% of his monthly phone bills in December of 2014 and January and February of 2012 since Defendants calls constituted 1% or more of the total calls to his phone during their their junk calling campaign.

71. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:
1. For an award of $500.00 for each violation of 47 U.S.C. §227;
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:
3. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);
4. For an award of $1,500.00 for each such violation found to have been willful;

On the THIRD CAUSE OF ACTION:

5. For compensatory damages according to proof;
6. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);
7. For punitive damages;
8. For attorney's fees;

On the FOURTH CAUSE OF ACTION:

9. For compensatory damages according to proof;
10. For punitive damages;

On the FIFTH CAUSE OF ACTION:

11. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

12. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.
13. For costs of suit herein incurred; and
14. For such further relief as the Court deems proper.

DATED: August 29, 2016                    **PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
PAUL SAPAN

Complaint